Thomas E Lauria
State Bar No. 11998025
J. Christopher Shore (pending admission pro hac vice)
John K. Cunningham (pending admission pro hac vice)
Richard Kebrdle (pending admission pro hac vice)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

ATTORNEYS FOR THE PETITIONING CREDITORS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases (Involuntary) |
| | ) | |
| VITRO ASSET CORP. | ) | Case No. 10-47470-rfn-11 |
| VITRO CHEMICALS, FIBERS & MINING, LLC | ) | Case No. 10-47472-rfn-11 |
| VITRO AMERICA, LLC | ) | Case No. 10-47473-rfn-11 |
| TROPER SERVICES, INC. | ) | Case No. 10-47474-rfn-11 |
| SUPER SKY PRODUCTS, INC. | ) | Case No. 10-47475-rfn-11 |
| SUPER SKY INTERNATIONAL, INC. | ) | Case No. 10-47476-rfn-11 |
| VVP HOLDINGS, LLC | ) | Case No. 10-47477-rfn-11 |
| AMSILCO HOLDINGS, INC. | ) | Case No. 10-47478-rfn-11 |
| B.B.O. HOLDINGS, INC. | ) | Case No. 10-47479-rfn-11 |
| BINSWANGER GLASS COMPANY | ) | Case No. 10-47480-rfn-11 |
| CRISA CORPORATION | ) | Case No. 10-47481-rfn-11 |
| VVP FINANCE CORPORATION | ) | Case No. 10-47482-rfn-11 |
| VVP AUTO GLASS, INC. | ) | Case No. 10-47483-rfn-11 |
| V-MX HOLDINGS, LLC | ) | Case No. 10-47484-rfn-11 |
| VITRO PACKAGING, LLC, | ) | Case No. 10-47485-rfn-11 |
| | ) | |
| Debtors. | ) | **Joint Administration Pending** |
| | ) | Expedited Hearing Requested |
| | ) | Proposed Hearing Date and Time: |
| | ) | November 23, 2010 at 9:30 a.m. |
| | ) | Proposed Objection Deadline: |
| | ) | November 23, 2010 at 9:30 a.m. |

## MOTION OF THE PETITIONING CREDITORS FOR ENTRY OF AN ORDER DIRECTING PRODUCTION OF DOCUMENTS BY, AND EXAMINATION BY ORAL DEPOSITION OF, DEBTORS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

TO THE HONORABLE RUSSELL F. NELMS, UNITED STATES BANKRUPTCY JUDGE:

Knighthead Master Fund, L.P., Brookville Horizons Fund, L.P., Davidson Kempner Distressed Opportunities Fund L.P., and Lord Abbett Bond-Debenture Fund, Inc. (collectively, the "Movants"), as creditors and parties in interest in the above-captioned chapter 11 cases, file this motion (the "Motion"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), for entry of an order authorizing and directing discovery from the above-captioned debtors (the "Debtors") in the form of: (1) production by each of the Debtors of documents responsive to the requests set forth in **Schedule A** hereto, to commence promptly after entry of an Order; and (2) the depositions of one or more representatives of each of the Debtors, including Claudio del Valle Cabello, David Gonzales Morales and a corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, regarding the topics set forth in **Schedule B** hereto. In support of this motion (the "Motion"), the Movants respectfully state as follows:

## PRELIMINARY STATEMENT

1.      Movants are confronted with a proposed restructuring that could substantially impair their ability to recover on claims they hold against Debtors and their ultimate parent, yet Movants have been repeatedly denied information relevant to their claims. The parent, Vitro (defined below), has initiated an exchange offer and solicitation that expires in a matter of days, on December 1, 2010, but Movants lack essential details needed to evaluate the offer, including information about the Debtors' financial health and their ability to comply with their substantial obligations to Movants and other creditors. Moreover, the proposed restructuring makes use of nearly $2 billion of unexplained intercompany claims as well as suspect claims held by third

parties, yet the Debtors have refused to even discuss discovery or to otherwise provide critical information the Movants need. For these reasons, and as explained further herein, the Movants respectfully request targeted discovery that will facilitate essential analysis of the Debtors' assets and intercompany transactions.

## BACKGROUND

1.    Movants are holders (the "Noteholders") of Senior Notes (the "Vitro Notes") issued by the Debtors' Mexican parent, Vitro S.A.B. de C.V. ("Vitro"), and guaranteed by the Debtors.

2.    On November 17, 2010 (the "Petition Date"), the Movants filed involuntary petitions against each of the Debtors in this Court pursuant to section 303(a) of the Bankruptcy Code.

3.    No trustee or examiner has been requested or appointed in any of the Debtors' cases.

4.    Vitro (and together with its affiliated debtors and non-debtor entities, the "Company") is a corporation organized under the laws of Mexico and is a holding company that conducts substantially all of its operations through its subsidiaries both outside and within the United States. Each Debtor is a subsidiary of Vitro that is domiciled in the United States in one of various states, including in Texas. Each Debtor has unconditionally guaranteed the Vitro Notes as described more fully below.

5.    Movants hold in the aggregate at least $75 million in principal amount of the Vitro Notes. The Movants are members of the Ad Hoc Group of Vitro Noteholders (the "Ad Hoc Noteholder Group") which holds or controls in the aggregate over $600 million in principal amount of Vitro Notes.

6.     Vitro's liabilities include, but are not limited to, the Vitro Notes, which consist of over $1.2 billion in principal amount of senior unsecured notes outstanding, denominated as follows: (i) $300 million of 8.625% Senior Notes due 2012 (the "2012 Notes"), (ii) $216 million of 11.750% Senior Notes due 2013 (the "2013 Notes"), and (iii) $700 million of 9.125% Senior Notes due 2017 (the "2017 Notes"). Vitro issued each series of Vitro Notes to the public in the United States and is a reporting company with respect to each such series pursuant to section 15(g) of the Securities Exchange Act of 1934. Each of the Debtors executed an unconditional guaranty of Vitro's obligations in respect of the Vitro Notes pursuant to the indentures governing the Vitro Notes. The indentures for the Vitro Notes are governed under New York law.

7.     Each series of the Vitro Notes has been in default for well over a year, and Vitro has made no indication that it intends to resume making any payments on the Vitro Notes.

8.     On or about August 30, 2010, the Vitro Noteholders learned that Vitro was actively manipulating its capital structure in a way that violates its duties to creditors. Specifically, for more than a year, certain Vitro subsidiaries were engaged in litigation with several holders of derivative financial instrument claims ("DFI Claims") in State Supreme Court in New York City. A third party, Fintech Investments Ltd. or an affiliated company, which had a pre-existing relationship with Vitro, purchased a majority of the DFI Claims and then agreed to dismiss them in exchange for one or more promissory notes issued by Vitro and/or its affiliates and guaranteed by certain of Vitro's subsidiaries ("DFI Promissory Notes"). Importantly, however, Vitro was not a party to most – if any – of the DFI Claims; the only party common to all claims was a subsidiary of Vitro, Vitro Envases Norteamerica, S.A. de C.V.

9. On November 1, 2010, the Company launched the Tender Offer, Exchange Offer and Consent Solicitation (the "Solicitation") seeking to implement a pre-packaged reorganization plan in Mexico (the "Concurso Plan") under the Mexican Business Reorganization Act (Ley De Concursos Mercantiles). See Form T-3, Nov. 1, 2010. Pursuant to the Solicitation, the Company is (i) proposing an exchange offer and soliciting consents to an in-court restructuring through a Concurso Plan and (ii) offering to purchase for cash (the "Tender Offer") the maximum aggregate principal amount of Vitro Notes that can be purchased for $100,000,000 at a purchase price per $1,000 principal amount equal to the clearing price. As part of the proposed Concurso Plan to implement the restructuring, Vitro proposes to exchange all of its outstanding debt, including the outstanding Vitro Notes and claims relating to derivative financial instruments, for the following, on a pro rata basis:

- $850 million in aggregate principal amount of new notes (the "New 2019 Notes");

- $100 million in aggregate principal amount of newly issued mandatory convertible debentures (the "New MCDs" and, together with the 2019 Notes, the "New Notes"), which will mandatorily convert into 15.0% of the Company's equity if not paid in full at maturity;

- A cash payment (the "Restructuring Cash Payment") of the amount remaining, out of $75 million deposited in a Mexican trust, after making a consent payment pursuant to the exchange offer and consent solicitation[1]; and

- A restructuring fee (the "Restructuring Fee"), in cash, based on the issue dates of the New Notes.

10. The Solicitation expires on December 1, 2010.

11. Importantly, Vitro intends to seek to extinguish the subsidiary guaranties of the Vitro Notes, including the guaranties by the Debtors, pursuant to the Concurso Plan,

---

[1] Pursuant to the express terms of the Solicitation, the Restructuring Cash Payment will only be made to those holders of Vitro Notes who consent to the Concurso Plan. Solicitation at 2.

without filing bankruptcy proceedings for any of those entities. Second Amendment, Annex A at A-16.

12.      On September 8, 2010, Vitro attempted to terminate its U.S. Securities and Exchange Commission (the "SEC") registration in the U.S. <u>See</u> Form 15F, Sept. 8, 2010. On November 9, 2010, the SEC filed a letter stating that Vitro must withdraw its Form 15 or file an Annual Report and all other filings necessary to comply with the Securities Exchange Act (the "SEC Letter"). In the SEC Letter, the SEC informed Vitro that it must withdraw its Form 15 or file its Annual Report and all other filings necessary to comply with the Securities Exchange Act. Notwithstanding this explicit direction from the SEC, Vitro has not filed its Annual Report on Form 20-F or any other additional disclosure materials necessary to comply with its reporting obligations and, instead, has continued pursuing the Solicitation without reference to the SEC Letter.

13.      On November 12, 2010, the Company filed Amendment No. 1 to Form T-3 (the "First Amendment") and Amendment No. 2 to Form T-3 (the "Second Amendment") in which the Company disclosed alleged intercompany claims against Vitro of over $1.9 billion.

14.      At least two individuals are both officers or directors of Vitro and officers or directors of a Debtor. Upon information and belief, Claudio del Valle Cabello is an officer of Vitro and a director of BBO Holdings, Inc., Crisa Corp., Troper Services, Inc., and Vitro Chemicals, Fiber and Mining, LLC. David Gonzales Morales is also an officer of Vitro and is a director of VVP Auto Glass, Inc. and VVP Finance Corp.

## JURISDICTION AND VENUE

15.      This Court has jurisdiction to consider this Motion pursuant to 28. U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

16. In accordance with Bankruptcy Rule 2004 and Local Rule 2004.1, the Movants respectfully request that the Debtors be required (i) to produce for inspection and copying, not later than November 29, 2010, all documents requested herein as set forth on **Schedule A** attached hereto, and (ii) to make available for deposition one or more representatives of each of the Debtors, including certain specified directors or officers of Debtors and a corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, to testify regarding the topics set forth in **Schedule B** hereto.

## BASIS FOR RELIEF

17. In general, Bankruptcy Rule 2004 allows, upon a motion filed with the court by a party-in-interest, examination of an entity or person without a pending action of any kind. Fed. R. Bankr. P. 2004(a); Lawrence P. King, 9 Collier on Bankruptcy ¶ 2004.01[1], at 2004-3 (15th ed. 1996). As creditors, the Movants qualify as "parties in interest." In re Summit Corp., 891 F.2d 1, 5 (1st Cir. 1989) (noting that the term "party in interest" contained in both Section 1109(b) of the Bankruptcy Code and Bankruptcy Rule 2004 has been interpreted liberally by the courts). Thus, the Movants have standing pursuant to Section 1109(b) of the Bankruptcy Code to seek authorization for, and to undertake, a Rule 2004 investigation. See 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditor's committee . . . may raise and may appear and be heard on any issue in a case under this chapter.").

18. The purpose of Bankruptcy Rule 2004 is to permit a broad investigation into the affairs of the debtors to assure the proper administration of bankruptcy estates. In re Symington, 209 B.R. 678, 683-84 (Bankr. D. Md. 1997) (citations omitted.) Accordingly, the

scope of the examination, or the production of documents, includes any matter that relates "to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or . . . any matter relevant to the case or the formulation of a plan." Fed. R. Bankr. P. 2004(b); see also In re Porter, 2007 WL 1412991, *1 (Bankr. W.D. Tex. 2007) (recognizing that Rule 2004 permits examination of any entity related to the acts, conduct or property of the debtor, or the liabilities or financial condition of the debtor's estate, or to the debtor's right to a discharge). Courts have characterized the scope of a Rule 2004 examination as "broad, unfettered and in the nature of a 'fishing expedition.'" In re Countrywide Home Loans, Inc., 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008) (citation omitted); In re Vantage Petroleum Corp., 34 B.R. 650 (Bankr. E.D.N.Y. 1983). Rule 2004 affords parties-in-interest a right of discovery "even broader than that of discovery permitted under [the Federal Rules of Civil Procedure], which themselves contemplate broad, easy access to discovery." In re Valley Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr. E.D. Pa 1990) (citations omitted).

19.     In an involuntary proceeding, the court has "wide discretion to determine the manner and course of discovery." In re Immudyne, Inc., 218 B.R. 860, 861 (Bankr. N.D. Tex. 1998). In deciding whether to permit discover pursuant to Rule 2004, courts "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." In re Drexel Burnham Lambert Group, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). In making this determination, courts consider the purpose of the request as well as the degree of intrusiveness. See id. at 711-12; In re Hawley Coal Mining Corp., 47 B.R. 392, 394 (S.D. W. Va. 1984).

20.     Here, the balance of competing interests weighs strongly in favor of granting the discovery requested by the Movants. The documents and testimony requested in

this Motion are narrowly tailored to include only the information the Movants need immediately. Movants have a right to further discovery and, accordingly, intend to request additional discovery pursuant to other rules, but Movants have significantly limited the discovery requested pursuant to this Motion. As set forth in Schedules A and B, the Movants seek documents and deposition testimony regarding United States-based assets of the Debtors and their affiliates, certain intercompany agreements, and transactions between or among the Debtors and their affiliates. This discovery is critical to the Movants' understanding of their rights against the Debtors as guarantors of the Vitro Notes as well as an adequate evaluation of the Solicitation and the Company's proposed Concurso Plan, especially in light of the Intercompany claims identified in Vitro's T-3 and the unique jurisdictional issues identified in Movants' Emergency Motion of the Petitioning Creditors Under Sections 105(a) and 303(f) of the Bankruptcy Code for an Order Conditioning the Debtors' Use of Property. Given that the Movants have thus far not been successful in obtaining this information on an informal basis, it is appropriate to grant the relief sought herein. The only time to make meaningful inquiry about the topics requested is now, before any transactions are initiated that cannot be unwound and the Movants' rights are violated without due process in an appropriate court. See In re Mirant Corp., 326 B.R. 354, 357 (Bankr. N.D. Tex. 2005) (Lynn, J.) (permitting Rule 2004 discovery and noting that "[d]iscovery now, not later, may be critical to ensure that no viable cause of action is lost").

21.    Furthermore, the discovery that has been requested is not burdensome to the Debtors and seeks only information within their possession, custody, or control.

22.    Contemporaneous with this Motion, the Movants are also serving on the Debtors broader discovery requests related to the above-captioned proceedings. These requests ask for discovery to be produced prior to the return date on the involuntary petitions filed in

these proceedings. We do not think the Court needs to intervene with respect to these further requests, but to the extent the Debtors contend that a Court order is needed before such additional discovery is taken, we ask the Court to authorize, in its ruling with respect to this Motion, additional expedited discovery related to these proceedings.

23. No previous request for the relief sought herein has been made to this Court or any other court.

## RESERVATION OF RIGHTS

24. Upon receiving and reviewing the documents and testimony contemplated herein from the Debtors, the Movants may determine additional discovery is necessary. The Movants reserve all rights to request, pursuant to Bankruptcy Rule 2004 or otherwise, additional documents or examination of parties identified by the Debtors upon review of the documents produced in connection herewith.

## CERTIFICATION PURSUANT TO LOCAL RULE 2004-1

25. The Movants conferred with counsel for the Debtors prior to filing this Motion regarding the requests herein. Counsel for the Debtors refused to discuss discovery. The Motion is thus presented to the Court for determination.

## NOTICE

26. Notice of this Motion has been given to the Office of the United States Trustee for the Northern District of Texas, counsel for Vitro, and those parties that have filed requests for notices in this case pursuant to Bankruptcy Rule 2002. The Movants submit that no further notice need be given.

## CONCLUSION

WHEREFORE, the Movants respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested therein, and such other and further relief as this Court deems just and proper.

Dated: Fort Worth, Texas
      November 22, 2010

> Jeff P. Prostok
> State Bar No. 16352500
> Lynda L. Lankford
> State Bar No. 11935020
> FORSHEY & PROSTOK LLP
> 777 Main St., Suite 1290
> Ft. Worth, TX 76102
> (817) 877-8855
>
>
> By /s/ Jeff P. Prostok
>     Jeff P. Prostok
>
>     -and-
>
> Thomas E Lauria
> State Bar No. 11998025
> J. Christopher Shore (pending admission pro hac vice)
> John K. Cunningham (pending admission pro hac vice)
> Richard Kebrdle (pending admission pro hac vice)
> WHITE & CASE LLP
> 1155 Avenue of the Americas
> New York, NY 10036
> (212) 819-8200
>
> ATTORNEYS FOR THE PETITIONING
> CREDITORS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via ECF electronic Notice, if available, and upon the parties listed below via email, on November 22, 2010.

**Counsel for the Alleged Debtors:**
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
Attn:   Risa Rosenberg, Esq.
        Dennis Dunne, Esq.
        Howard Kelberg, Esq.
Email: rrosenberg@milbank.com
        ddunne@milbank.com
        hkelberg@milbank.com

**Counsel to Indenture Trustee (2013 Notes):**
Sullivan & Worcester LLP
Post Office Square
Boston, MA 02109
Attn:   Richard Hiersteiner
        Amy A. Zuccarello
Email: rhiersteiner@sandw.com
        azuccarello@sandw.com

**Counsel to Indenture Trustee (2012 Notes and 2017 Notes):**
Chadbourne Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Attn:   Marian Baldwin Fuerst
        Adrienne Duffy
Email: mbaldwin@chadbourne.com
        aduffy@chadbourne.com

**Office of the U.S. Trustee**
1100 Commerce St., Room 976
Dallas, TX 75242-1496
Attn:   Elizabeth A. Ziegler
Email: elizabeth.ziegler@usdoj.gov


                                        /s/ Jeff P. Prostok
                                        Jeff P. Prostok

L:\JPROSTOK\Vitro #5389\Pleadings\WE List 11.22.10.DOC

# PROPOSED ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases (Involuntary) |
| | ) | |
| VITRO ASSET CORP. | ) | Case No. 10-47470-rfn-11 |
| VITRO CHEMICALS, FIBERS & | ) | Case No. 10-47472-rfn-11 |
| MINING, LLC | ) | |
| VITRO AMERICA, LLC | ) | Case No. 10-47473-rfn-11 |
| TROPER SERVICES, INC. | ) | Case No. 10-47474-rfn-11 |
| SUPER SKY PRODUCTS, INC. | ) | Case No. 10-47475-rfn-11 |
| SUPER SKY INTERNATIONAL, INC. | ) | Case No. 10-47476-rfn-11 |
| VVP HOLDINGS, LLC | ) | Case No. 10-47477-rfn-11 |
| AMSILCO HOLDINGS, INC. | ) | Case No. 10-47478-rfn-11 |
| B.B.O. HOLDINGS, INC. | ) | Case No. 10-47479-rfn-11 |
| BINSWANGER GLASS COMPANY | ) | Case No. 10-47480-rfn-11 |
| CRISA CORPORATION | ) | Case No. 10-47481-rfn-11 |
| VVP FINANCE CORPORATION | ) | Case No. 10-47482-rfn-11 |
| VVP AUTO GLASS, INC. | ) | Case No. 10-47483-rfn-11 |
| V-MX HOLDINGS, LLC | ) | Case No. 10-47484-rfn-11 |
| VITRO PACKAGING, LLC, | ) | Case No. 10-47485-rfn-11 |
| | ) | |
| Debtors. | ) | **Joint Administration Pending** |
| | ) | |

## ORDER GRANTING MOTION OF THE PETITIONING CREDITORS FOR ENTRY OF AN ORDER DIRECTING PRODUCTION OF DOCUMENTS BY, AND EXAMINATION BY ORAL DEPOSITION OF, DEBTORS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the Motion,[2] dated November 22, 2010, of Knighthead Master Fund, L.P.,

Brookville Horizons Fund, L.P., Davidson Kempner Distressed Opportunities Fund L.P., and

Lord Abbett Bond-Debenture Fund, Inc. (collectively, the "Movants") for entry of an order

authorizing and directing discovery from the above-captioned debtors (the "Debtors") in the

form of: (1) production by each of the Debtors of documents responsive to the requests set forth

in **Schedule A** hereto, to commence promptly after entry of an Order; and (2) the depositions of

one or more representatives of each of the Debtors, including certain specified directors or

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

officers of Debtors and a corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, regarding the topics set forth in **Schedule B** hereto; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtors are directed to provide to the Movants, (i) all documents responsive to the requests set forth on **Schedule A** to the Motion by November 29, 2010, and (ii) any additional documents reasonably required by the Movants upon subsequent request by the Movantss; and it is further

ORDERED that the Debtors shall be required to submit to depositions on the topics set forth on **Schedule B** to the Motion within thirty (30) days of this Order (unless otherwise agreed); and it is further

ORDERED that two deponents required to submit to depositions on the topics set forth on **Schedule B** are Claudio del Valle Cabello and David Gonzales Morales; and it is further

ORDERED that the Movants are authorized to take additional expedited discovery in connection with the above-captioned cases; and it is further

ORDERED that the Movants are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November __, 2010
      Fort Worth, Texas

 

                                     _____

                                     UNITED STATES BANKRUPTCY JUDGE
                                     RUSSELL F. NELMS

# SCHEDULE "A"

## SCHEDULE A – DOCUMENT REQUESTS

## DEFINITIONS

**A.**   **Agent.** The term "agent" shall mean any agent, employee, officer, director, advisor, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

**B.**   **Bankruptcy Proceeding.** The term "Bankruptcy Proceeding" shall refer to the chapter 11 proceeding styled *In re Vitro Asset Corp.*, Case No. 10-47470 (RFN-11) and the other above-captioned proceedings,[1] each pending in the United States Bankruptcy Court for the Northern District of Texas.

**C.**   **Communications.** The term "communications" means any exchange of information by any means, including, but not limited to, correspondence, face-to-face conversations, electronic transmissions, meetings, visits, conferences, internal and external discussions, or any other kind of oral or written exchange between two or more persons that has been recorded or transcribed in any way including, but not limited to, letters, electronic mail, facsimiles, transcriptions, sound recordings, and/or video recordings.

**D.**   **Company.** The term "Company" shall mean Vitro and its affiliated debtors and non-debtor entities.

**E.**   **Concern/Refer/Relate/Regard.** The terms "concern," "concerns," "concerning," "referring to," "refer to," "relating to," "relate to," "regarding," and/or derivatives shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, relate or relating to, refer or referring to, pertain or pertaining to, reflect or reflecting, describe or

---

[1] Case Nos. 10-47472 (DML-11), 10-47473 (DML-11), 10-47474 (RFN-11), 10-47475 (DML-11), 10-47477 (DML-11), 10-47478 (RFN-11), 10-47479 (DML-11), 10-47480 (RFN-11), 10-47481 (RFN-11), 10-47482 (DML-11), 10-47483 (DML-11), 10-47484 (RFN-11), 10-47485 (DML-11), 10-47486 (RFN-11).

describing, contradict or contradicting, support or supporting, evidence or evidencing, evaluate or evaluating, discuss or discussing, embody or embodying, mention or mentioning, record or recording, study or studying, analyze or analyzing, and constituting or in any way legally, logically, or factually connected with the matter being discussed either in whole or in part and without limitation.

F.     **Debtors.**  The term "Debtors" shall mean Vitro Asset Corp., Vitro Chemicals, Fibers & Mining, LLC, Vitro America, LLC, Troper Services, Inc., Vitro Packaging, LLC, VVP Holdings, LLC, Amsilco Holdings, Inc., B.B.O. Holdings, Inc., Binswanger Glass Co., Crisa Corp., VVP Finance Corp., VVP Auto Glass, Inc., V-MX Holdings, LLC, Super Sky Products, Inc., and Super Sky International, Inc. and their Agents.

G.     **Document/Documents.**  The terms "document" and "documents" shall mean any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to: correspondence, memoranda, notes, messages, letters, electronic mail, Internet files, telegrams, teletype, telefax, bulletins, communications, reports and recordings (of telephone or other conversations or of interviews or of conferences, or of other meetings, occurrences, or transactions), desk calendars, appointment books, diaries, chronological data, minutes, papers, work papers, books, reports, studies, summaries, lists, tabulations, pamphlets, bulletins, printed matter, charts, ledgers, journals, invoices, worksheets, receipts, books or records of accounts, summaries of accounts, balance sheets, financial statements, income statements, schedules, returns, computer printouts, prospectuses, affidavits, contracts, agreements, releases, canceled checks, statements, transcripts, statistical records,

surveys, tests, analyses, evaluations, magazine or newspaper articles (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing); graphic or aural records or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, recordings and motion pictures); and electronic, mechanical, or digital records or representations of any kind (including without limitation electronically stored information stored on tapes, cassettes, discs, records, computers, and computer back up systems including zip, jazz, hard, network, or other drives).

H.   **Including.**  The term "including" shall be construed without limitation.

I.   **Intercompany.**  The term "intercompany" shall mean between or among affiliated entities, including between or among the Debtors and/or any Non-Debtor Affiliate.

J.   **Non-Debtor Affiliate.**  The term "non-debtor affiliate" shall mean Vitro and any entity that is a subsidiary of Vitro, including indirect subsidiaries, that is not a Debtor in these Bankruptcy Proceedings.

K.   **Person.**  The term "person" includes any natural person, firm, partnership, joint venture, corporation, sole proprietorship, trust, union, association, federation, labor organization, legal representative, trustee, trustee in bankruptcy, receiver, business entity, or any other form of business, governmental, public, charitable entity, or group of natural persons or such entities.

L.   **Vitro.**  The term "Vitro" shall refer to Vitro, S.A.B. de C.V. and its Agents.

M.   **You/Your.**  The terms "you" and "your" shall refer to ABDC, as well as any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of ABDC.

N.   As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

**O.** The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents that otherwise might be construed to be outside their scope.

**P.** The word "all" means "any and all" and the word "any" means "any and all."

**Q.** The term "all documents" shall mean every document or group of documents, as defined above, that are known to you or that can be located or discovered by reasonably diligent efforts.

**R.** Unless otherwise indicated, all words and terms used in these requests shall bear their common connotations.

## INSTRUCTIONS

1. Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in these Requests.

2. All documents or electronically-stored information should be produced in single-page, group IV, .tiff file format, Summation dii load files, accompanied by OCR text data at the document level.

3. These Requests are directed to and cover all documents in your possession, custody, or control, or in the possession, custody, or control of your Agents and any other person acting for, on behalf of, or under your the authority or control.

4. When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

5. You shall provide documents in response to these Requests in such a manner that the source of the documents is easily ascertainable by the Movants.

6. When producing the requested documents, please produce all other documents that are clipped, stapled, or otherwise attached to any requested document.

7. In the event such file(s) or document(s) has/have been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file, and each sub-file, if any, maintained within the file, and the present location of the file.

8. Any alteration of a responsive document, including, but not limited to, any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsements or filed stamps, drafts, revisions, modifications, or other revisions of a final document, constitutes a separate and distinct document and must be produced.

9. If you withhold documents that you are otherwise required to produce by these Requests, specifically identify each withheld document by stating its date, author, recipients, and the reasons for withholding said document.

10. If you choose to withhold any documents from production or inspection on the grounds of privilege or other immunity from discovery, please provide the following information regarding each withheld document: the type of document, general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege claimed (including work-product), and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

11.   If any document herein requested has been lost or destroyed, or is otherwise no longer in your possession, custody, or control, please submit in lieu of each document a written statement which shall:

> (a) describe in detail the nature of the document and its contents;
>
> (b) identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;
>
> (c) specify the date on which the document was prepared or transmitted or both;
>
> (d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the person(s) requesting and performing the destruction; and
>
> (e) if the document was not destroyed, what was done with the document, and the identity and address of its current custodian or any person with knowledge of its location.

12.   These Requests are continuing in nature so as to require production of any and all documents which may be in your possession, custody, or control between the date of service of this Request and the date on which the above-captioned case is resolved, either by trial or otherwise.

## REQUESTS

1.   Documents sufficient to identify the places of business and domicile of the Debtors and Non-Debtor Affiliates.

2.   Documents sufficient to identify the location and nature of all assets or property in the United States owned or controlled by any Non-Debtor Affiliate.

3.   Documents sufficient to identify the nature and amount of all Intercompany debts and liabilities between or among the Debtors and any Non-Debtor Affiliate.

4.   Documents sufficient to show the manner in which any Debtor conducts business with any Non-Debtor Affiliate, including all Intercompany agreements between or among a

Debtor and any Non-Debtor Affiliate relating to (1) the transfer or holding of any assets, cash or inventory, (2) cash management agreements, (3) purchase and sale agreements, and (4) distribution agreements.

# SCHEDULE "B"

## <u>SCHEDULE B – ORAL EXAMINATION TOPICS</u>

1.     The places of business and domicile of the Debtors and Non-Debtor Affiliates.

2.     The location and nature of all assets in the United States owned or controlled by any Non-Debtor Affiliate.[1]

3.     Intercompany debts and liabilities between or among the Debtors and any Non-Debtor Affiliate.

4.     The manner in which any Debtor conducts business with any Non-Debtor Affiliate, including Intercompany agreements between or among a Debtor and any Non-Debtor Affiliate relating to (1) the transfer or holding of any assets, cash or inventory, (2) cash management agreements, (3) purchase and sale agreements, and (4) distribution agreements.

---

[1] The Definitions and Instructions provided in Schedule A are incorporated herein by reference.