Thomas E Lauria
State Bar No. 11998025
J. Christopher Shore (admitted pro hac vice)
John K. Cunningham (admitted pro hac vice)
Richard Kebrdle (admitted pro hac vice)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

ATTORNEYS FOR THE PETITIONING CREDITORS

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases (Involuntary) |
| | ) | |
| VITRO ASSET CORP., et al., | ) | Case No. 10-47470-rfn-11 |
| | ) | |
| Debtors.[1] | ) | **Jointly Administered** |
| | ) | |

**MOTION OF THE PETITIONING CREDITORS FOR DETERMINATION THAT CERTAIN BANKRUPTCY CASES SHOULD PROCEED IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS PURSUANT TO FED. R. BANKR. P. 1014(b)**

TO THE HONORABLE RUSSELL F. NELMS, UNITED STATES BANKRUPTCY JUDGE:

Knighthead Master Fund, L.P., Brookville Horizons Fund, L.P., Davidson Kempner Distressed Opportunities Fund L.P., and Lord Abbett Bond-Debenture Fund, Inc. (collectively, the "Movants"), as creditors and parties in interest in the above-captioned chapter 11 cases, file this motion (the "Motion"), pursuant to Rule 1014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order that the chapter 15 case entitled In re Vitro, S.A.B. de C.V., filed on December 14, 2010 in the United States Bankruptcy Court for the

---

[1] The Debtors are Vitro Asset Corp., Vitro Chemicals, Fibers & Mining, LLC, Vitro America, LLC, Troper Services, Inc., Vitro Packaging, LLC, VVP Holdings, LLC, Amsilco Holdings, Inc., B.B.O. Holdings, Inc., Binswanger Glass Co., Crisa Corp., VVP Finance Corp., VVP Auto Glass, Inc., V-MX Holdings, LLC, Super Sky Products, Inc., and Super Sky International, Inc.

Southern District of New York, Case No. 10-16619, be transferred to the United States Bankruptcy Court for the Northern District of Texas (the "Court") and be jointly administered with the above-captioned chapter 11 cases.

## STATEMENT OF FACTS

1. Movants are petitioning creditors who commenced the above-captioned involuntary cases (collectively, the "Chapter 11 Cases") against Vitro Asset Corp. and its affiliated debtors (collectively, the "Chapter 11 Debtors") under chapter 11 of title 11 of the United States Code (the 'Bankruptcy Code") with this Court. The Chapter 11 Cases are being jointly administered.

2. Movants are holders (the "Noteholders") of Senior Notes (the "Vitro Notes") issued by the Chapter 11 Debtors' ultimate Mexican parent, Vitro S.A.B. de C.V. ("Vitro"), and guaranteed by each of the Chapter 11 Debtors.

3. Vitro (and together with its affiliated debtors and non-debtor entities, the "Company") is a corporation organized under the laws of Mexico and is a holding company that conducts substantially all of its operations through its subsidiaries both outside and within the United States. Each Chapter 11 Debtor is a subsidiary of Vitro that is domiciled in the United States in one of various states, including in Texas. As stated, each Chapter 11 Debtor has unconditionally guaranteed the Vitro Notes as described more fully below.

4. Vitro's liabilities include, but are not limited to, the Vitro Notes, which consist of over $1.2 billion in principal amount of senior unsecured notes outstanding. Vitro issued each series of Vitro Notes to the public in the United States and is a reporting company with respect to each such series pursuant to section 15(g) of the Securities Exchange Act of

2

1934. Each of the Chapter 11 Debtors executed an unconditional guaranty of Vitro's obligations in respect of the Vitro Notes pursuant to the indentures governing the Vitro Notes.

5. On November 1, 2010, Vitro launched the Tender Offer, Exchange Offer and Consent Solicitation (the "Solicitation") seeking to implement a pre-packaged reorganization plan in Mexico (the "Concurso Plan") under Mexican bankruptcy law, "*Ley De Concursos Mercantiles*" (the "Mexican Business Reorganization Act"), to force the Noteholders to accept the Company's terms.

6. On December 14, 2010, Vitro announced it had commenced *concurso mercantil* proceedings in Mexico by filing a petition for relief under the Mexican Business Reorganization Act along with an alleged pre-packaged *Concurso* Plan.[2]

7. The Chapter 11 Debtors are not eligible to be Debtors in insolvency proceedings in Mexico.

8. On December 14, 2010, Vitro filed a petition (the "Chapter 15 Petition") under chapter 15 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (Bankruptcy Judge Sean H. Lane) commencing Vitro's chapter 15 case (the "Chapter 15 Case"). See Chapter 15 Petition attached hereto as **Exhibit A**.

**RELIEF REQUESTED AND THE BASIS THEREFORE**

9. Vitro is the ultimate parent of each of the Chapter 11 Debtors and is an "affiliate" of the Chapter 11 Debtors under section 101(2) of the Bankruptcy Code.

10. Bankruptcy Rule 1014(b) requires that venue proceed in the district in which the petition filed first by an affiliate of a debtor is pending. Fed. R. Bankr. P. 1014(b) reads in full as follows:

---

[2] Prior to any alleged *concurso* filing by Vitro in Mexico, certain of the Movants had recently filed their own involuntary petition against Vitro under the Mexican Business Reorganization Act in Mexico. The status of that involuntary filing in Mexico is pending determination by the Mexican court.

> "If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) <u>a debtor and an affiliate</u>, on motion filed in the district in which the petition filed first is pending and after hearing on notice to the petitions, the United States Trustee, and other entities as directed by the Court, the Court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceeding on the other petitions shall be stayed by the courts in which they have been filed until the determination is made." (Emphasis added)

11. Movants commenced these Chapter 11 Cases against the Chapter 11 Debtors on November 17, 2010. The Company did not file its chapter 15 petition until December 14, 2010. These Chapter 11 Cases are therefore the first filings commenced within the meaning of Bankruptcy Rule 1014(b).

12. As stated, the Chapter 11 Debtors are affiliates of Vitro within the meaning of 11 U.S.C. § 101(2). Pursuant to Rule 1014(b), this Court is the proper Court to determine in which district or districts the case should proceed.

13. The Chapter 15 Case of Vitro should proceed in this Court along with these Chapter 11 Cases for the following reasons:

    a. The Debtors are properly under the jurisdiction of this Court;

    b. The Debtors are not debtors in the foreign proceedings for which Vitro is seeking recognition by its Chapter 15 Petition;

    c. It would be inconvenient and inefficient to allow these cases to proceed separately, as they revolve around the same assets and insolvency issues;

4

d. This Court is already familiar with both Vitro and the Chapter 11 Debtors and the issues raised by a potential restructuring of Vitro and its affiliates;

e. Substantially all the issues already before this Court in these Chapter 11 Cases will overlap the issues in Vitro's Chapter 15 Case.

## **RESERVATION OF RIGHTS**

14. The Movants learned of the filing of the Chapter 15 Petition only a very short time ago and were given little notice of such a filing. The Movants accordingly reserve all rights to amend the Motion.

WHEREFORE, Movants respectfully request this Court enter an order substantially in the form and substance of the attached granting the relief requested herein and such other and further relief as is just and proper.

Dated: Fort Worth, Texas
December 14, 2010

        Jeff P. Prostok
        State Bar No. 16352500
        Lynda L. Lankford
        State Bar No. 11935020
        FORSHEY & PROSTOK LLP
        777 Main St., Suite 1290
        Ft. Worth, TX 76102
        (817) 877-8855

        By /s/ Jeff P. Prostok
           Jeff P. Prostok

          -and-

        Thomas E Lauria

State Bar No. 11998025
J. Christopher Shore (pending admission <u>pro</u> <u>hac</u> <u>vice</u>)
John K. Cunningham (pending admission <u>pro</u> <u>hac</u> <u>vice</u>)
Richard Kebrdle (pending admission <u>pro</u> <u>hac</u> <u>vice</u>)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200

ATTORNEYS FOR THE PETITIONING
CREDITORS AND THE AD HOC GROUP
OF VITRO NOTEHOLDERS

# CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing document was served via ECF electronic Notice, if available, and upon the parties listed below via email, on December 14, 2010.

Louis R. Strubeck, Jr.
William R. Greendyke
**FULBRIGHT &JAWORSKI L.L.P.**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Email: lstrubeck@fulbright.com
   wgreendyke@fulbright.com

Dennis F. Dunne
Risa M. Rosenberg
**MILBANK, TWEED, HADLEY &MCCLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005-1413
Email: ddunne@milbank.com
   rrosenberg@milbank.com

Andrew M. Leblanc
**MILBANK, TWEED, HADLEY &MCCLOY LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Email: aleblanc@milbank.com

         /s/ Jeff P. Prostok
         Jeff P. Prostok

MIAMI 896811 (2K)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases (Involuntary) |
| VITRO ASSET CORP., et al., | ) | Case No. 10-47470-rfn-11 |
| Debtors.[1] | ) | **Jointly Administered** |

## NOTICE OF MOTION

To: Vitro S.A.B. de C.V. and any of its affiliated debtors and all other parties of interest:

PLEASE TAKE NOTICE that a hearing on the Motion of the Petitioning Creditors for Determination that Certain Bankruptcy Cases Should Proceed in the United States Bankruptcy Court for the Northern District of Texas Pursuant to Fed. R. Bankr. P. 1014(b) will be held before the Honorable Russell F. Nelms on [ ] in Courtroom [ ], [ ], Fort Worth, Texas.

Dated: Fort Worth, Texas
December 14, 2010

                                              Jeff P. Prostok
                                              State Bar No. 16352500
                                              Lynda L. Lankford
                                              State Bar No. 11935020
                                              FORSHEY & PROSTOK LLP
                                              777 Main St., Suite 1290
                                              Ft. Worth, TX 76102
                                              (817) 877-8855

                                              By _____
                                                   Jeff P. Prostok

                                                   -and-

---

[1] The Debtors are Vitro Asset Corp., Vitro Chemicals, Fibers & Mining, LLC, Vitro America, LLC, Troper Services, Inc., Vitro Packaging, LLC, VVP Holdings, LLC, Amsilco Holdings, Inc., B.B.O. Holdings, Inc., Binswanger Glass Co., Crisa Corp., VVP Finance Corp., VVP Auto Glass, Inc., V-MX Holdings, LLC, Super Sky Products, Inc., and Super Sky International, Inc.

Thomas E Lauria
State Bar No. 11998025
J. Christopher Shore (pending admission pro hac vice)
John K. Cunningham (pending admission pro hac vice)
Richard Kebrdle (pending admission pro hac vice)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200

ATTORNEYS FOR THE PETITIONING
CREDITORS AND THE AD HOC GROUP
OF VITRO NOTEHOLDERS

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 Cases (Involuntary) |
| VITRO ASSET CORP., et al., | ) ) | Case No. 10-47470-rfn-11 |
| Debtors. | ) ) ) | **Jointly Administered** |

## ORDER THAT CERTAIN BANKRUPTCY CASES SHOULD PROCEED IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS PURSUANT TO FED. R. BANKR. P. 1014(b)

Upon consideration of the motion (the "Motion") of the Movants dated December 14, 2010, for an Order Pursuant to Fed. R. Bankr. P. 1014(b) ("Bankruptcy Rule 1014(b)") determining that the chapter 15 petition filed on December 14, 2010 by Vitro S.A.B. de C.V., in the Southern District of New York, Case No. 10-16619 should proceed in the United States Bankruptcy Court for the Northern District of Texas Pursuant to Rule 1014, it is hereby;

ORDERED, that the United States Bankruptcy Court for the Southern District of New York shall forthwith transfer Case No. 10-16619 entitled In re Vitro, S.A.B. de C.V., to the United States Bankruptcy Court for the Northern District of Texas and;

IT IS FURTHER ORDERED, pursuant to Bankruptcy Rule 1014(b) that all proceedings in Case No. 10-16619 pending in the United States Bankruptcy Court for the Southern District of New York (except for transferring venue to this Court) are STAYED unless otherwise ordered by this Court.

Date: _____                    _____
                                          Russell F. Nelms
                                          United States Bankruptcy Judge