Thomas E Lauria
State Bar No. 11998025
J. Christopher Shore (admitted pro hac vice)
John K. Cunningham (admitted pro hac vice)
Richard Kebrdle (admitted pro hac vice)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

ATTORNEYS FOR THE PETITIONING CREDITORS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases (Involuntary) |
| VITRO ASSET CORP., et al., | ) | Case No. 10-47470-rfn-11 |
| Debtors.[1] | ) | **Jointly Administered** |

**PRELIMINARY OBJECTION OF THE PETITIONING CREDITORS TO
EMERGENCY JOINT MOTION OF ALLEGED DEBTORS AND
VITRO S.A.B. DE C.V. FOR ENTRY OF ORDER PURSUANT TO 11 U.S.C. § 105(a)
AND FED. R. BANK. P. 1014(b) WAIVING STAY OF PROCEEDINGS IN
CHAPTER 15 CASE AND MOTION TO EXPEDITE HEARING ON EMERGENCY
JOINT MOTION OF ALLEGED DEBTORS AND VITRO S.A.B. DE C.V. FOR ENTRY
OF ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANK. P. 1014(b)
<u>WAIVING STAY OF PROCEEDINGS IN CHAPTER 15 CASE</u>**

TO THE HONORABLE RUSSELL F. NELMS, UNITED STATES BANKRUPTCY JUDGE:

Knighthead Master Fund, L.P., Brookville Horizons Fund, L.P., Davidson Kempner

Distressed Opportunities Fund L.P., and Lord Abbett Bond-Debenture Fund, Inc. (collectively,

the "Petitioning Creditors"), as creditors and parties in interest in the above-captioned chapter 11

cases, file this preliminary objection (the "Objection"), to the Emergency Motion of Alleged

---

[1] The Debtors are Vitro Asset Corp., Vitro Chemicals, Fibers & Mining, LLC, Vitro America, LLC, Troper Services, Inc., Vitro Packaging, LLC, VVP Holdings, LLC, Amsilco Holdings, Inc., B.B.O. Holdings, Inc., Binswanger Glass Co., Crisa Corp., VVP Finance Corp., VVP Auto Glass, Inc., V-MX Holdings, LLC, Super Sky Products, Inc., and Super Sky International, Inc.

Debtors and Vitro S.A.B. de C.V. for Entry of Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bank. P. 1014(b) Waiving Stay of Proceedings in Chapter 15 Case (the "Emergency Motion") and Motion to Expedite Hearing on Emergency Joint Motion of Alleged Debtors and Vitro S.A.B. de C.V. for Entry of Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bank. P. 1014(b) Waiving Stay of Proceedings in Chapter 15 Case (the "Motion to Expedite" and, collectively with the Emergency Motion, the "Motions"). The Motions should be denied for the reasons set forth below.

1. Notice of this morning's 10:30 a.m. hearing on the Emergency Motion was first provided at 12:51 am. See Exhibit A attached hereto. No prior communication of any kind was provided by Vitro S.A.B. de C.V. ("Vitro") or the Debtors with respect to the request for an emergency hearing or the relief sought in the Emergency Motion. Such notice is plainly inadequate and should not be countenanced by this Court.

2. The purported procedural conundrum of which Vitro and the Debtors complain is of their own making. In stark contrast to the trial-by-ambush tactics of Vitro and the Debtors, the Petitioning Creditors provided advance notice of their intention to seek the transfer of venue of any chapter 15 case filed by Vitro to this Court and informed counsel the resulting stay that would arise under Bankruptcy Rule 1014(b). See Exhibit B attached hereto. When the Petitioning Creditors first learned of Vitro's intention to commence a chapter 15 case, we promptly reached out to Vitro's counsel to find out where and when they intended to file. When they refused to tell us, we notified them that we would seek to transfer venue and that their proceeding would be stayed by rule pending disposition. As such their purported emergency is of their own making and should in any event not result in any prejudice to the rights of the Petitioning Creditors.

3. The relief sought in the Emergency Motion is a thinly veiled attempt to "end run" determination of our motion to transfer venue. If the Emergency Motion is granted, the primary objective of Vitro's chapter 15 petition – staying creditor actions in the US against assets of Vitro – will be decided by another court, leaving little if anything for this Court to do if venue is subsequently transferred. Having created their own procedural entanglement with eyes wide open, there is no reason to disturb the sequence of issue resolution envisioned by the Bankruptcy Rules.

4. The Emergency Motion is premised on the defective notion that these involuntary proceedings will ultimately be dismissed. These Debtors have been in payment default on over $1.2 billion of debt for approximately 2 years; their solvency is not restored by the fact that their parent Vitro (who is itself insolvent and has sought Concurso relief in Mexico) has been willing to make periodic advances to fund the payment of operating expenses. Despite numerous requests, the Debtors have yet to enunciate their legal theory of why the involuntary petitions should not be granted.

5. To the extent the likelihood of success on the merits is relevant to the disposition of the Emergency Motion, it is likely that Vitro's chapter 15 petition is defective and will be dismissed. Vitro's Concurso petition has not yet been accepted by the Mexican court and no order has been entered designating a proper foreign representative. As such the basic requirements of chapter 15 have not been met – no foreign proceeding is yet pending and the petition was not filed by an authorized foreign representative. Given such basic flaws, it is unlikely that any relief will be granted.

**RESERVATION OF RIGHTS**

6. The Petitioning Creditors have not been provided proper notice of the

Motions. The Petitioning Creditors accordingly reserve all rights with respect to the Motions.

WHEREFORE, Petitioning Creditors respectfully request this Court to deny the Motions.

Dated: Fort Worth, Texas
December 16, 2010

    Jeff P. Prostok
    State Bar No. 16352500
    Lynda L. Lankford
    State Bar No. 11935020
    FORSHEY & PROSTOK LLP
    777 Main St., Suite 1290
    Ft. Worth, TX 76102
    (817) 877-8855

By  /s/ Jeff P. Prostok
    Jeff P. Prostok

-and-

Thomas E Lauria
State Bar No. 11998025
J. Christopher Shore (admitted pro hac vice)
John K. Cunningham (admitted pro hac vice)
Richard Kebrdle (admitted pro hac vice)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200

ATTORNEYS FOR THE PETITIONING
CREDITORS AND THE AD HOC GROUP
OF VITRO NOTEHOLDERS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served via ECF electronic Notice, if available, and upon the parties listed below via email, on December 16, 2010.

Louis R. Strubeck, Jr.
William R. Greendyke
**FULBRIGHT & JAWORSKI L.L.P.**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Email: lstrubeck@fulbright.com
       wgreendyke@fulbright.com

Dennis F. Dunne
Risa M. Rosenberg
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005-1413
Email: ddunne@milbank.com
       rrosenberg@milbank.com

Andrew M. Leblanc
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Email: aleblanc@milbank.com

                              /s/ Jeff P. Prostok
                              Jeff P. Prostok