Dennis F. Dunne (admitted *pro hac vice*)
Risa M. Rosenberg (admitted *pro hac vice*)
**MILBANK, TWEED, HADLEY & McCLOY LLP**
1 Chase Manhattan Plaza
New York, NY 10005-1413
Tel: (212) 530-5000
Fax: (212) 530-5219
ddunne@milbank.com
rrosenberg@milbank.com

Andrew M. Leblanc (admitted *pro hac vice*)
**MILBANK, TWEED, HADLEY & McCLOY LLP**
1850 K Street, NW, Suite 1100
Washington, DC 20006
Tel: (202) 835-7500
Fax: (202) 263-7586
aleblanc@milbank.com

Louis R. Strubeck, Jr.
State Bar No. (19425600)
William R. Greendyke
State Bar No. (08390450)
**FULBRIGHT & JAWORSKI L.L.P.**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Tel: (214) 855-8000
Fax: (214) 855-8200
lstrubeck@fulbright.com
wgreendyke@fulbright.com

**ATTORNEYS FOR THE ALLEGED DEBTORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 (Involuntary) |
| VITRO ASSET CORP., et al., | Case No. 10-47470-rfn-11 |
| Alleged Debtors.[1] | Jointly Administered |

**ALLEGED DEBTORS' MOTION FOR
LEAVE TO FILE AN AMENDED ANSWER**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings by Rules 1018 and 7015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the alleged debtors (collectively, the "Alleged

---

[1] The Alleged Debtors are: Vitro Asset Corp. (f/k/a American Asset Holdings Corp.), Vitro Chemicals, Fibers & Mining, LLC, Vitro America, LLC, Troper Services, Inc., Super Sky Products, Inc., Super Sky International, In, VVP Holdings, LLC, Amsilco Holdings, Inc., B.B.O. Holdings, Inc., Binswanger Glass Company (f/k/a Troper Inc.), Crisa Corporation, VVP Finance Corporation, VVP Auto Glass, Inc., V-MX Holdings, LLC (f/k/a Crisa Holdings Corp.), and Vitro Packaging, LLC.

Debtors") in the above-captioned involuntary chapter 11 cases (collectively, the "Involuntary Cases"), hereby move (the "Motion") for the entry of an Order granting the Alleged Debtors leave to file an amended answer (the "Amended Answer") to the Involuntary Petitions (as defined below). In support of this Motion, the Alleged Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. On December 9, 2010, the Alleged Debtors filed an answer (the "Original Answer") [Docket No. 70] to the involuntary chapter 11 petitions (the "Involuntary Petitions") filed by Knighthead Master Fund, L.P., Brookville Horizons Fund, L.P., Davidson Kempner Distressed Opportunities Fund L.P., and Lord Abbett Bond-Debenture Fund, Inc. (collectively, the "Petitioning Creditors") commencing the Involuntary Cases. In the Original Answer, the Alleged Debtors asserted the following affirmative defenses to the Involuntary Petitions: (i) the Petitioning Creditors are not eligible to file the Involuntary Petitions because their claims are contingent as to liability; (ii) the Petitioning Creditors are not eligible to file the Involuntary Petitions because their claims are subject to a bona fide dispute; (iii) no order for relief can be entered against the Alleged Debtors because the Alleged Debtors are generally paying their debts as they come due; and (iv) the interests of creditors would better be served by a dismissal of the Involuntary Cases or suspension of all proceedings. By this Motion, the Alleged Debtors seek leave to file the Amended Answer, which supplements the Original Answer with two additional affirmative defenses.[2]

---

[2] As discussed below, the Alleged Debtors assert that these additional defenses are encompassed by the Original Answer or otherwise properly before the Court. Nevertheless, and without waiving such arguments, the Alleged Debtors are filing the Motion in response to the Court's statement during the hearing on February 24, 2011 that it will not consider these defenses unless the Alleged Debtors seek leave to amend the Original Answer.

2

2. The first additional defense (the "Holder Defense") is that the Petitioning Creditors are not eligible to file the Involuntary Petitions because they are not "holders" of the claims on which the Involuntary Petitions are based as required by section 303(b) of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and the relevant indentures (the "Indentures"). Specifically, the Involuntary Petitions must be dismissed because the Petitioning Creditors allege only that they are beneficial owners of the notes on which their claims are based (the "Notes"), rather than the registered holders of such Notes, and they failed to obtain the requisite authorization from the actual registered holder (the Depository Trust Company) or its nominee to accelerate the Notes or take any other action under the Indentures.

3. The second additional defense (the "Lack of Good Faith Defense") is that no order for relief can be entered against the Alleged Debtors because the Involuntary Petitions were not filed in good faith. As the Alleged Debtors have repeatedly asserted since the beginning of these Involuntary Cases, the Involuntary Petitions were plainly filed in an attempt to interfere with the restructuring efforts of the Alleged Debtors' Mexican parent company, Vitro S.A.B. de C.V. ("Vitro S.A.B."), an entity that is neither an Alleged Debtor nor within the jurisdiction of this Court, rather than in a good-faith effort to restructure any of the Alleged Debtors.

4. The request to add these additional affirmative defenses is timely, appropriate, and should be granted by the Court. The Petitioning Creditors cannot demonstrate any prejudice as a result of the filing of the Amended Answer, as they have previously been made aware of the Holder and Lack of Good Faith Defenses on numerous occasions and will have had an adequate opportunity to prepare for these defenses in advance of the hearing on the Involuntary Petitions

(the "Hearing"), which is currently scheduled for March 31, 2011. In particular, the Petitioning Creditors cannot assert that they need additional discovery from the Alleged Debtors to adequately prepare for these defenses because all knowledge and documentation relating to such defenses necessarily resides with the Petitioning Creditors themselves, not with the Alleged Debtors. Finally, there is no basis to assert that the Alleged Debtors have unduly delayed the filing of the Amended Answer or otherwise acted in bad faith. Accordingly, the Court should grant the Motion and allow the Alleged Debtors to file the Amended Answer attached hereto as Exhibit A.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6.  On November 17, 2010, the Petitioning Creditors filed the Involuntary Petitions commencing the Involuntary Cases. On December 9, 2010, the Alleged Debtors filed the Original Answer, denying the allegations in the Involuntary Petitions and asserting four affirmative defenses, each of which requires dismissal of the Involuntary Cases. On December 17, 2010, the Alleged Debtors and the Petitioning Creditors filed the Joint Pre-Conference Statement of the Petitioning Creditors and Alleged Debtors (the "Joint Pre-Conference Statement") [Docket No. 91] in which the Alleged Debtors set forth the same defenses as the grounds on which they were seeking dismissal of the Involuntary Petitions. A hearing to

consider whether an order for relief should be entered against the Alleged Debtors was subsequently scheduled for February 24, 2011 and February 25, 2011.[3]

7. On February 22, 2011, the Alleged Debtors submitted their Memorandum of Law in Support of Dismissal of Involuntary Chapter 11 Petitions (the "Pre-Trial Brief") [Docket No. 169]. In the Pre-Trial Brief, the Alleged Debtors assert that the Involuntary Petitions must be dismissed because: (i) the Petitioning Creditors are not "holders" of the claims on which the Involuntary Petitions are based; (ii) the Petitioning Creditors' claims are contingent as to liability; (iii) the Petitioning Creditors' claims are subject to a *bona fide* dispute as to amount; (iv) no order for relief can be entered against the Alleged Debtors because the Alleged Debtors are paying their debts as they become due; and (v) the Involuntary Petitions were not filed in good faith.

8. At the hearing held before the Court on February 24, 2011, counsel for the Petitioning Creditors argued that the Alleged Debtors should be precluded from asserting the Holder Defense and Lack of Good Faith Defense on the theory that they were not expressly included in the Original Answer or the Joint Pre-Conference Statement. (Hr'g Tr. (Feb. 24, 2011), at 52:20-25, 53:1-21.) Although the Alleged Debtors maintain that the Holder and Lack of Good Faith Defenses were encompassed by the Original Answer and/or the Joint Pre-Conference Statement, the Court has determined that these defenses are not currently part of the case and would not be considered unless the Alleged Debtors seek leave to file an Amended Answer including such defenses. (Id. at 60:9-13.)

---

[3] This hearing has subsequently been adjourned to March 31 and April 1, 2011.

## RELIEF REQUESTED

9. Accordingly, by this Motion, pursuant to Federal Rule 15, and Bankruptcy Rules 1018 and 7015, the Alleged Debtors respectfully request that this Court enter an order substantially in the form attached hereto as <u>Exhibit B</u> authorizing the Alleged Debtors to file the Amended Answer.

## BASIS FOR RELIEF

10. Federal Rule 15(a) provides, in relevant part: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny a motion to amend is squarely within the Court's discretion, and importantly, "in the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" <u>Lowrey v. Tex. A & M Univ. Sys.</u>, 117 F.3d 242, 245 (5th Cir. Tex. 1997) (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (U.S. 1962)). Indeed, "the language of this rule evinces a bias in favor of granting leave to amend." <u>Lyn-Lea Travel Corp. v. Am. Airlines, Inc.</u>, 283 F.3d 282, 286 (5th Cir. 2002) (citing <u>Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.</u>, 690 F.2d 1157, 1162 (5th Cir. 1982)) (internal quotations omitted). The Court "must have a 'substantial reason' to deny a request for leave to amend." <u>Id.</u>; <u>see also</u> <u>Lowrey</u>, 117 F.3d at 245 ("The [U.S.] Supreme Court has explicitly disapproved of denying leave to amend without adequate justification . . . Case-law from this circuit is in accord" (citations omitted)).

11.     Under the present circumstances, no reason exists for denying the Motion.  <u>First</u>, the Petitioning Creditors cannot demonstrate any undue prejudice caused by the filing of the Amended Answer at this stage of the proceedings.  <u>Second</u>, there is basis to assert that the Alleged Debtors have acted in bad faith or with undue delay in filing the Amended Answer.

### A.     The Petitioning Creditors Will Not Be Unduly Prejudiced

12.     The Petitioning Creditors cannot demonstrate that they will suffer any prejudice, let alone undue prejudice, if the Alleged Debtors are allowed to file the Amended Answer at this time.  Although the Petitioning Creditors did not raise an objection to the Holder and Lack of Good Faith Defenses until February 24, 2011, they have long been aware of the Alleged Debtors' intention to assert these defenses as grounds for dismissal of the Involuntary Petitions.  Accordingly, the Petitioning Creditors have had a more than adequate opportunity to prepare a response to these defenses.  Moreover, because all information relevant to these defenses resides with the Petitioning Creditors, they do not need additional discovery from the Alleged Debtors prior to the hearing scheduled for March 31, 2011.

13.     The Petitioning Creditors received actual or constructive notice of the Holder Defense and Lack of Good Faith Defense on numerous occasions that substantially pre-date the filing of the Pre-Trial Brief.  Specifically, the Petitioning Creditors received notice of the Holder Defense through, among other things:  (i) letters from Vitro S.A.B. dated January 5, 2010, which questioned whether certain acceleration notices were sent by "Holders" of the Notes (<u>see</u> VIT0009629-VIT0009632, attached hereto as <u>Exhibit C</u>); (ii) the Joint Pre-Conference Statement, in which the Alleged Debtors asserted that the Involuntary Cases should be dismissed because "the requirements for commencement of an involuntary case under section 303(b) of the

7

Bankruptcy Code have not been satisfied, including that the Petitioning Creditors' claims are (a) contingent as to liability because certain purported notices of acceleration were defective . . . ." (see Joint Pre-Conference Statement, at ¶ 47 [Docket No. 91]); (iii) the Alleged Debtors' Request for Production of Documents to Petitioning Creditors (the "<u>Document Requests</u>"), served on the Petitioning Creditors on December 23, 2010, which included a request for documents reflecting that "a demand for acceleration of the 2012 Notes and 2017 Notes was made by 'Holders' of the 2012 Notes and 2017 Notes as that term is defined in Section 1.01 of the 2017 Notes Indenture and the 2012 Notes Indenture," (see Document Requests, attached hereto as <u>Exhibit D</u>); and (iv) the depositions of Nik Petrakov, Conor Bastable, and Niall Sheehan (the "<u>Depositions</u>"), during which the Alleged Debtors inquired into similar facts.[4]

14. Similarly, the Petitioning Creditors received notice of the Lack of Good Faith Defense through, among other things: (a) previous assertions by the Alleged Debtors in these Involuntary Cases that the Petitioning Creditors filed the Involuntary Petitions in an effort to impede the reorganization proceedings of Vitro S.A.B., rather than in a good faith attempt to reorganize the Alleged Debtors (<u>see, e.g.</u>, Objection of Alleged Debtors to Emergency Motion of Dissident Minority Noteholders for Entry of Order Pursuant to 11 U.S.C. §§ 105(a) and 303(f) Restraining Alleged Debtors' Use of Property, at 2-4, 10, 16-18 [Docket No. 20]); (b) the Document Requests, which included requests for documents relating to "to the contemplation or initiation of legal proceedings against Vitro with respect to the Notes . . . [including] the

---

[4] <u>See</u>, <u>e.g.</u>, Alleged Debtors' Amended 30(B)(6) Deposition Notice To Petitioning Creditor Knighthead Master Fund, L.P. ("<u>Knighthead Deposition Notice</u>"), attached hereto as <u>Exhibit E</u> (including as a deposition topic "[w]hether a demand for acceleration of the 2012 Notes and 2017 Notes was made by 'Holders' of the 2012 Notes and 2017 Notes as that term is defined in Section 1.01 of the 2017 Notes Indenture and the 2012 Notes Indenture.").

8

commencement of these involuntary cases, any involuntary reorganization proceedings in Mexico, the Aurelius Action and the Elliott Action," and "the purpose for which [the Petitioning Creditors] acquired any of the Notes" (see Document Requests, attached hereto as Exhibit D); and (c) the Depositions, during which the Alleged Debtors inquired into similar facts.[5] Accordingly, the Petitioning Creditors cannot credibly assert that they have not previously been aware of the Alleged Debtors' assertion of the Holder and Lack of Good Faith Defenses as grounds for dismissal of the Involuntary Petitions.

15. Additionally, because of the nature of the Holder and Lack of Good Faith Defenses, the Petitioning Creditors do not need additional discovery from the Alleged Debtors on these issues. Specifically, the Alleged Debtors cannot logically possess any independent knowledge or documentation regarding whether the Petitioning Creditors were "Holders" under the relevant indentures or whether the Petitioning Creditors filed the Involuntary Petitions in good faith. Rather, all information relevant to these defenses necessarily resides within the possession, custody, or control of the Petitioning Creditors, and the Alleged Debtors sought such information through their document requests and depositions. Moreover, even if the Court were to find that any limited amount of additional discovery by the Petitioning Creditors is appropriate, it should not affect the Court's decision to grant the Motion. See Buchanan v. Kerr-McGee Energy Servs. Corp. (In re GPR Holdings, L.L.C.), No. 01-36736-SAF-11, 03-3622, 2004 WL 3007080, at *6 (Bankr. N.D. Tex. Aug. 12, 2003) ("[t]he mere fact of additional discovery does not amount to undue prejudice").

---

[5] See, e.g., Knighthead Deposition Notice, attached hereto as Exhibit E (including as deposition topics (i) "[t]he Petitioning Creditors' contemplation and initiation of legal proceedings against Vitro with respect to the Notes;" and (ii) "[t]he purpose for which You acquired any of the Notes, including, but not limited to, the date each Note was acquired and how it was acquired").

### B. The Alleged Debtors Have Not Acted With Undue Delay or Otherwise Acted In Bad Faith

16. The Alleged Debtors have exhibited no undue delay or bad faith in seeking to file the Amended Answer. The Alleged Debtors believed in good faith at the time of filing the Original Answer, and certainly prior to the hearing on February 24, 2011 when the Petitioning Creditors raised the issue for the first time, that the Holder and Lack of Good Faith Defenses were already included as part of their defenses to the Involuntary Petitions. See In re GPR Holding, 2004 WL 3007080, at *5-6 (granting leave to amend answer to add certain affirmative defenses that were "implicit in the defendant's approach to the case"); see also Lowrey, 117 F.3d at 246 n.2 (reversing denial of leave to amend where, *inter alia*, "the proposed amendment merely stated alternative legal theories for recovery on the same underlying facts, rather than fundamentally altering the nature of the case").

17. The Alleged Debtors believed that the Holder Defense was a necessary and logical extension of the defense contained in the Original Answer that the Petitioning Creditors are not eligible to file the Involuntary Petitions because their claims are contingent as to liability.[6] Moreover, because the Petitioning Creditors bear the burden to prove that they are entitled to file the Involuntary Petitions and obtain their requested relief, the Alleged Debtors

---

[6] The liability of the Alleged Debtors, as guarantors of the Notes, remains contingent until all requirements of the Indentures are met, including that demand for payment under the guarantees is made by the "Holders" of at least twenty-five percent (25%) of the Notes. The Petitioning Creditors could not have – and in fact, did not – make demand for payment on the guarantees because they are not "Holders" of the Notes under the Indentures. Consequently, because the Petitioning Creditors are not "Holders" of the Notes, they are not "holders" of the claims on which they purport to base the Involuntary Petitions, and the Alleged Debtors' liability is contingent. For the same reason, the 2012 and 2017 Notes were not properly accelerated. See Joint Pre-Conference Statement, at ¶ 47 (asserting that the Involuntary Cases should be dismissed because "the requirements for commencement of an involuntary case under section 303(b) of the Bankruptcy Code have not been satisfied, including that the Petitioning Creditors' claims are (a) contingent as to liability because certain purported notices of acceleration were defective . . .").

believed they were entitled to argue the facts underlying the Holder Defense without explicitly asserting it as an affirmative defense.

18. Additionally, the Alleged Debtors believed (and continue to believe) that good faith is a necessary prerequisite to the Petitioning Creditors' fulfillment of the statutory requirements of section 303(b) of the Bankruptcy Code and, therefore, the Lack of Good Faith Defense may be considered by the Court at any time. See In re Art Midwest, Inc., No. 04-91225-RFN-11, 2006 WL 306894, at *1, 3 (Bankr. N.D. Tex. Jan. 5, 2006) (Nelms, J.) (noting the Court's authority to *sua sponte* dismiss a chapter 11 petition found to have been filed in bad faith as "part of a creative litigation strategy" for the purpose of "us[ing] the bankruptcy court and its processes as a tool to alter the litigation rights of the [parties seeking dismissal]").

19. Notwithstanding the foregoing, during the hearing on February 24, 2011, the Court indicated that it would not consider the Holder and Lack of Good Faith Defenses unless the Alleged Debtors amended the Original Answer. After receiving such notice from the Court, the Alleged Debtors prepared and filed the Motion without delay. Under these circumstances, it is clear that the Alleged Debtors have at all times acted in good faith and without undue delay.

## **CONCLUSION**

**WHEREFORE**, the Alleged Debtors respectfully request that the Court grant them leave to file the Amended Answer in the form attached hereto as Exhibit A, and grant such other and further relief as it deems just and proper.

Dated: March 8, 2011

        Respectfully submitted,

        **Fulbright & Jaworski L.L.P.**

        */s/ William R. Greendyke* _____
Louis R. Strubeck Jr. (SBT 19425600)
William R. Greendyke (SBT 08390450)
Ryan E. Manns (SBT 24041391)
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

-and-

**Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Risa M. Rosenberg (admitted *pro hac vice*)
1 Chase Manhattan Plaza
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

-and-

Andrew M. Leblanc (admitted *pro hac vice*)
1850 K Street, NW, Suite 1100
Washington, DC 20006
Telephone: (212) 835-7500
Facsimile: (212) 263-7586

Counsel For The Alleged Debtors

## CERTIFICATE OF CONFERENCE

This certifies that, on the 8th day of March, 2011, undersigned counsel e-mailed local counsel for the Petitioning Creditors, Mr. Jeff Prostok, regarding the Alleged Debtors' requested relief. Mr. Prostok has informed undersigned counsel that the Petitioning Creditors oppose the Alleged Debtors' requested relief.

*/s/ Ryan E. Manns*
Ryan E. Manns

## CERTIFICATE OF SERVICE

This certifies that the foregoing was served on the 8th day of March, 2011, via electronic mail through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service.

*/s/ Ryan E. Manns*
Ryan E. Manns