

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

Signed April 11, 2011

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | |
| **VITRO ASSET CORP., <u>et al.</u>,** | § § | Case No. 10-47470-rfn-11 |
| **Alleged Debtors.** | § § § | Jointly Administered |

**Order Denying Petitions for Relief Against Vitro Packaging, LLC, Vitro Chemical, Fibers and Mining, LLC, and VVP Auto Glass, Inc. and Continuing Under Advisement Status as to Petitions for Relief Against Other Alleged Debtors**

On this day the court considered the involuntary petitions against the following Alleged Debtors[1] Vitro Asset Corp. (f/k/a American Asset Holdings Corp.), Vitro Chemicals, Fibers & Mining, LLC, Troper Services, Inc., In, VVP Holdings, LLC, Amsilco Holdings, Inc., B.B.O. Holdings, Inc., Binswanger Glass Company (f/k/a Troper Inc.), Crisa Corporation, VVP Auto Glass, Inc., V-MX Holdings, LLC (f/k/a Crisa Holdings Corp.), and Vitro Packaging, LLC.

---

[1] Vitro America, LLC, Super Sky International, Inc., Super Sky Products, Inc., and VVP Finance Corporation have filed motions for entry of orders for relief, which have been granted, so those entities are now debtors in chapter 11 and are no longer Alleged Debtors.

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

Vitro Packaging, LLC, Vitro Chemical, Fibers and Mining, LLC, and VVP Auto Glass, Inc. (the "Operating Alleged Debtors") are operating companies. The remaining eight Alleged Debtors are non-operating companies (the "Non-Operating Alleged Debtors").

The court held a trial on the involuntary petitions on March 31, 2011 and April 1, 2011, and took the involuntary petitions under advisement. As to the Non-Operating Alleged Debtors, the involuntary petitions shall remain under advisement. Essentially three issues control the resolution of the petitions for relief against the Operating Alleged Debtors.

The first issue is whether the Petitioning Creditors' claims are contingent as to liability because the petitioning creditors did not make a formal, written demand on the Alleged Debtors. The court made a preliminary ruling on March 31, 2011 that the Alleged Debtors had waived demand under the §10.04 of the 2012 and 2017 Indentures and §11.04 of the 2013 Indenture. The Alleged Debtors asked the court to reconsider that ruling. For purposes of this Order, the court assumes without deciding that the Alleged Debtors waived demand on their guaranties. Alternatively, the court assumes without deciding that proper demand was made. For purposes of this Order, the court assumes without deciding that the Petitioning Creditors' claims have not been rendered ineligible under section 303(b)(1) of the Bankruptcy Code by any contingency as to liability.

The second issue is whether the Petitioning Creditors' claims are subject to a bona fide dispute as to amount, thus disqualifying the Petitioning Creditors from commencing these involuntary cases. The court made a preliminary ruling on March 31, 2011 that the "Limitation on Amount of Guaranty" clauses in §10.07 of the 2012 and 2017 Indentures and §11.07 of the 2013 Indenture did not, in and of itself, create a bona fide dispute as to the amount of the Petitioning Creditors' claims that would make them ineligible to file these cases. The Alleged

Debtors asked the court to reconsider that ruling. For purposes of this Order, the court assumes without final decision that the Petitioning Creditors' claims are not subject to bona fide dispute as to amount. For purposes of this Order, the court assumes without deciding that the Petitioning Creditors' claims have not been rendered ineligible under section 303(b)(1) of the Bankruptcy Code by any bona fide dispute as to amount.

The third issue is whether the Operating Alleged Debtors are generally paying their debts as such debts become due. The Petitioning Creditors have the burden of proof on that issue by a preponderance of the evidence. The Bankruptcy Code does not define the phrase "generally paying debts as they become due," but courts have developed various factors to aid in the consideration of whether, under the totality of the circumstances, an alleged debtor is not paying its debts as they become due. Courts should consider the amount of debt not being paid as well as the number of creditors not being paid. *In re Smith*, 415 B.R. 222, 231 (Bankr. N.D. Tex. 2009)(Judge Hale). Stated another way, courts should consider (1) the number of unpaid claims, (2) the amount of the unpaid claims, (3) the materiality of the non-payments, and (4) the debtor's overall conduct of its financial affairs. *In re Moss*, 249 B.R. 411, 422 (Bankr. N.D. Tex. 2000)(Judge Houser).

The evidence submitted on this issue is that each of the Operating Alleged Debtors has a significant number of third-party trade creditors, which have been and continue to be paid on invoice terms, in the ordinary course of business or as agreed. There is some indication, although the evidence is not clear, that some of the Operating Alleged Debtors may be paying their debts due to assistance from their parent companies. The Operating Alleged Debtors have not, however, paid their largest debt—the guaranty obligations. The Petitioning Creditors argue that the failure to pay on the guaranty obligations means that the Operating Alleged Debtors are

failing to pay their debts as they come due. While there are authorities that support such a conclusion, based on the totality of the circumstances as to these three Operating Alleged Debtors, the court concludes otherwise. Each of the Operating Alleged Debtors has a meaningful number of third party trade vendors that are being paid. Although the unpaid debts to the Petitioning Creditors far exceed the paid debts in amount, the only debts not being paid as due are the guaranty obligations that are owed jointly and severally with 48 other affiliated guarantors and the ultimate parent Vitro, S.A.B. de C.V. Under these circumstances, the court finds that the Operating Alleged Debtors are generally paying their debts as they come due. It is therefore

**ORDERED** that the petitions for orders for relief against Vitro Packaging, LLC, Vitro Chemical, Fibers and Mining, LLC, and VVP Auto Glass, Inc. are denied; and it is further

**ORDERED** that the petitions for orders for relief against Vitro Asset Corp. (f/k/a American Asset Holdings Corp.), Troper Services, Inc., In, VVP Holdings, LLC, Amsilco Holdings, Inc., B.B.O. Holdings, Inc., Binswanger Glass Company (f/k/a Troper Inc.), Crisa Corporation, and V-MX Holdings, LLC (f/k/a Crisa Holdings Corp.) shall remain under advisement.

### End of Order ###